**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Katy Kathryn Jean Rogers,

Plaintiff,

v.

Commissioner of Social Security Administration,

Defendant.

No. CV-23-08533-PCT-MTL

**ORDER**

Before the Court is Plaintiff Katy Kathryn Jean Rogers' Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) (Doc. 15). The Motion is unopposed. (Doc. 17 at 2.) Section 406(b)(1) authorizes the recovery of reasonable attorney's fees from the award of past-due benefits.

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A).

Plaintiff prevailed in her appeal to this Court from the administrative law judge's decision. (Docs. 11, 12.) Having successfully litigated this case, Plaintiff's Counsel seeks

an award of $8,000.00.*

The SSA's Notice of Award states that Plaintiff's "past-due benefits are $9,200.00 for July 2016 through August 2025." (Doc. 16-1 at 5.) But the Notice later states that the SSA "withheld $45,281.25 from [Plaintiff's] past-due benefits to pay [her] representative" and notes that the SSA cannot withhold more than 25 percent of past-due benefits. (*Id.* at 6.) This implies that Plaintiff's award was at least $181,125.00—not $9,200.00. Plaintiff's Counsel does not address this inconsistency, nor does she state the amount of Plaintiff's award of past-due benefits in her Motion or Memorandum. (*See* Docs. 15, 16.) The SSA's Response also does not address the apparent inconsistency.

The Court's role is to ensure that the fee is reasonable and within the statutory maximum of 25 percent of the amount of past-due benefits awarded. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807-08 (2002); *accord* 42 U.S.C. § 406(b)(1)(A). Without certainty of either the award or the requested fee, the Court cannot perform its role.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for an Award of Attorney Fees (Doc. 15) is **denied** without prejudice.

Dated this 9th day of September, 2026.

Michael T. Liburdi
Michael T. Liburdi
United States District Judge

* The Motion and its corresponding Memorandum of Support often state that the requested fee is $8,000.00. (*See* Docs. 15, 16.) But the Conclusion section of the Memorandum asks the Court to approve a fee of $14,200.00. (Doc. 16 at 7.) Because the Motion will be denied without prejudice, Plaintiff should address this inconsistency if she refiles her motion.